In re Joint Application of ONCO, INC., Transferee, and S. J. Johnson, Transferor, for Authority to Transfer Permit No. 13987, Class "B" Freight, Interstate, Intrastate, Common Carrier, Motor Carrier Service.

W. R. STUBBS, Hugh Breeding, Inc., Ellsworth Bros. Truck Lines, Inc., and Petroleum Carriers of Oklahoma, Plaintiffs In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 39901.

Supreme Court of Oklahoma.

March 8, 1966.

Miller, Melone, Wilson, Adams & Rogers, George Miller, Melvin J. Spencer, Oklahoma City, for plaintiffs in error.

William L. Anderson, Gen. Counsel of Corp. Commission, T. Earl Curb, Asst. Gen. Counsel of Corp. Commission, Montford Johnson, Oklahoma City, William C. Schock, St. Louis, Mo., for defendants in error.

JACKSON, Vice Chief Justice.

This is an appeal by certain truckers and the Petroleum Carriers Division of the Associated Motor Carriers of Oklahoma from an order of the Corporation Commission authorizing the transfer of the operating authority evidenced by a Class "B" Freight, Interstate, Intrastate, Common Carrier Motor Permit from S. J. Johnson to Onco, Inc.

After the appeal was filed in this court, and upon the joint application of the parties, this matter was remanded to the Corporation Commission for the taking of further testimony as to the validity of the permit that S. J. Johnson sought to transfer, under the authority mentioned in the proviso of Section 22, Article IX, Oklahoma Constitution. The record of the hearing subsequently held on January 14, 1965, together with the findings and report of the Commission, is now before us, and, by the terms of the cited constitutional provision, may be considered in the determination of this appeal.

Evidence adduced at the subsequent hearing before the Commission showed that the Class "B" Permit was originally issued to Cleo Revell in 1943 as Permit No. 6664, a Class "B" Motor Common Carrier Interstate Freight permit, with no intrastate authority conferred. In 1961, upon the application of Revell and S. J. Johnson, the Commission ordered the authority transferred to Johnson, but for reasons not clearly explained in the record, the 1961 order designated the authority transferred as Class "B" Freight, Interstate, *Intrastate,* Common Carrier, Motor Carrier Service. About a month later, Johnson and Onco filed their joint application for the transfer of the operating authority to Onco, and in both their application and the order subsequently entered by the Commission, the authority concerned is described as including intrastate authority.

No question had been raised before the Commission in the original hearing on the application to transfer the Johnson authority to Onco, as to the extent of Johnson's authority, and all parties apparently thought he was the owner of a valid permit evidencing intrastate authority. From the record, it appears that Onco is interested only in acquiring intrastate authority.

At the conclusion of the subsequent hearing, the Commission made a finding that the 1961 transfer of intrastate authority from Revell to Johnson was made through "error, mistake and inadvertence" and that at that time Revell had no intrastate authority to transfer.

■ In a supplemental brief, Onco argues that there was an "ambiguity" on the face of the 1943 order authorizing the Revell permit, in that it both approves the Report of the Referee, then limits the au-

thority granted to interstate authority, and that the ambiguity was "clarified" in the 1961 proceedings for the transfer of the Revell permit to Johnson. This argument is based on the supposition that the report of the referee in the 1943 case recommended the granting of both interstate and intrastate authority. However, such report is not in the record before us; evidence at the subsequent hearing before the Commission was to the effect that it had been lost from the Commission files. We therefore cannot say that there was an ambiguity on the face of the 1943 order authorizing the Revell permit. It is true that a member of the Commission staff attempted to testify as to the contents of the report, but he prefaced his remarks with the statement that "I have no independent recollection". The 1961 order transferring the Revell authority to Johnson does not mention any "clarification". The report of the referee in the 1961 hearing on the transfer from Revell to Johnson, in which the matter was allegedly "clarified", is not in the record before us. It was, however, a part of the records of the Corporation Commission, and we will not assume that the Commission's finding at the conclusion of the subsequent hearing, that Revell had no intrastate authority to transfer, was contrary to its own records.

■ Since Revell had no intrastate authority to transfer, it follows that Johnson acquired none from him, and had none to transfer to Onco in the present proceeding.

Other arguments raised in the briefs of the parties were expressly waived in oral argument before this court and it will therefore not be necessary to consider them.

The order of the Corporation Commission is reversed.